UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GERARDO GARCIA, *on behalf of himself, FLSA Collective Plaintiffs, and the Class,*

                                    Plaintiff,

-against-

RJ NY RESTORATIONS INC., NORTH SHORE CONTRACTOR SERVICES CORP., and SURJIT SINGH,

                                    Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _12/12/2025_
```

25 Civ. 5336 (AT)

**ORDER**

ANALISA TORRES, District Judge:

The Court has reviewed Plaintiff's letter dated December 10, 2025 requesting that the default judgment hearing scheduled for December 15, 2025 be adjourned because their motion for default judgment is unopposed. ECF No. 35. In his motion, Plaintiff seeks both judgment in his favor and damages, including unpaid and overtime wages, liquidated damages, and statutory penalties. *See* Mem. at 1, 12–13, ECF No. 31. When there is an issue of damages, the Court must hold a hearing. *See* Fed. R. Civ. P. 55(b)(2)(B). Accordingly, Plaintiff's motion is DENIED.

The Court additionally questions the sufficiency of service on Defendants. Defendant Surjit Singh, a natural person, *see* Compl. ¶ 8, may be served by first-class mail only when Plaintiff complies with the requirements of either NY CPLR § 308(2) or § 312-a. *See Smith v. Smith*, No. 19 Civ. 1638, 2021 WL 3524160, at *3 (E.D.N.Y. Aug. 11, 2021) (first-class mail alone is insufficient under NY CPLR § 312-a); *see also* Fed. R. Civ. P. 4(e)(1). Defendants RJ NY Restorations Inc. and North Shore Contractor Services Corp., New York corporations, *see* Compl. ¶¶ 6–7, may only be served by first-class mail when Plaintiff complies with the requirements of NY CPLR § 312-a or § 311, which incorporates NY Bus. Corp. L. § 306. *See* Fed. R. Civ. P. 4(h); *Saregama India, Ltd. v. Mosley*, No. 11 Misc. 84, 2012 WL 955520, at *2–3 (S.D.N.Y. Mar. 20, 2012) (finding that service on a corporation that failed to comply with either NY CPLR § 312-a or § 311was insufficient); *see also* NY CPLR § 312-a(a) (requiring a plaintiff to also include "two copies of a statement of service by mail and acknowledgement of receipt in the form set forth [in § 312-a(d)], with a return envelope, postage prepaid, addressed to the sender."); ECF Nos. 13–14, 34 (Plaintiff's certificates of services which do not certify that these materials were included in the mailed documents).

Accordingly, Plaintiff is directed to serve Defendants in compliance with NY CPRL §§ 308 and 311, or § 312-a.  The conference scheduled for December 15, 2025, at 11:00 a.m. is ADJOURNED *sine die*.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 35.

SO ORDERED.

Dated:  December 12, 2025
New York, New York

_____
ANALISA TORRES
United States District Judge

2